## In re INDEPENDENT LAUNDRY, Inc.
### No. 27677.

District Court, E. D. New York.
April 26, 1935.

Duberstein & Schwartz, of Brooklyn, N. Y., for alleged bankrupt.

Carol King, of New York City, for petitioning creditors.

GALSTON, District Judge.

The alleged bankrupt seeks to have the petition dismissed on the ground that the petitioning creditors assert priority claims for work, labor, and services performed for the alleged bankrupt within three months preceding the filing of the petition.

No authority is cited for the proposition advanced, and I have been unable to find any.

On the contrary, it would appear that the petitioning creditors are within their rights and proceed duly under section 59 of the Bankruptcy Act, as amended (title 11, U. S. Code, § 95, 11 USCA § 95); and they hold debts provable against the alleged bankrupt. Section 63a (4), Bankruptcy Act (title 11, U. S. Code, § 103 (a) (4), 11 USCA § 103 (a) (4).

In Re Kootenai Motor Co., Inc. (D. C.) 41 F.(2d) 399, one of the petitioning creditors was the state of Idaho, on a claim for excise tax on gasoline sold by the bankrupt. The claim of the state was challenged on the same ground as is asserted herein; that it had priority of payment. It was held that the state, nevertheless, could be one of the petitioning creditors.

I see no reason why one having a prior right in the distribution of the estate should be foreclosed from instituting a bankruptcy proceeding. His position is not that of a secured creditor who could sell his security.

Motion denied. Settle order on notice.